UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLA RENE FOLSON-EL BEY,

        Plaintiff,               Case No. 11-cv-13534

                               Honorable Stephen J. Murphy, III
                               Magistrate Judge Laurie J. Michelson

v.

WELLS FARGO HOME MORTGAGE and
FEDERAL HOME LOAN MORTGAGE,

        Defendants.

_____/

**REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION TO
DISMISS AND/OR FOR SUMMARY JUDGMENT (DKT. 9)**

On August 12, 2011, Plaintiff Carla Rene Folson-El Bey ("Plaintiff" or "Folson-El Bey") brought this federal court lawsuit alleging a violation of her Fourteenth Amendment right to due process after the Oakland County Circuit Court, on August 1, 2011, denied her emergency stay of eviction order entered by the 46th District Court in Southfield, Michigan following foreclosure and eviction proceedings brought by Defendants. On that same date, Plaintiff filed an emergency motion with the Court to stay the imminent eviction. (Dkt. 3.) The motion was denied by the District Judge on August 15, 2011. (Dkt. 4.) He found that Plaintiff failed to comply with the requirements of Federal Rule of Civil Procedure 65(b) and her motion lacked a likelihood of success on the merits "because the Court almost certainly lacks subject-matter jurisdiction" under the *Rooker-Feldman* doctrine. (*Id.*) Thereafter, the case was referred to this Court for all pretrial proceedings. (Dkt. 5.) Presently before the Court is Defendants' Motion to Dismiss and/or for Summary Judgment. After receiving several extensions, Plaintiff filed a Response on March 5, 2012. (Dkt. 19.) Upon a review of the pleadings, Defendants' Motion, and Plaintiff's Response, this Court concludes that oral

argument will not significantly aid in the resolution of the motion.  *See* E.D. Mich. LR 7.1(f)(2).

For the following reasons, this Court RECOMMENDS that Defendants' Motion to Dismiss and/or for Summary Judgment (Dkt. 9) be GRANTED and that Plaintiff's Complaint be DISMISSED.

## I.      BACKGROUND

On September 19, 2006, Plaintiff gave Defendant Wells Fargo Bank, N.A. ("Wells Fargo") a mortgage for Property located at 30232 Southfield Road, Southfield, Michigan in the amount of $64,689.00.  (Dkt. 9, Defs. Mot. Dismiss, Ex. 2.)  The Mortgage contained a power of sale.  (*Id*.)

In June 2010, Wells Fargo initiated foreclosure proceedings.  (*Id*. at ECF 9.)  After publication and posting of the foreclosure notice, a sheriff's sale was held on August 10, 2010.  (*Id*., Ex. 1, Sheriff's Deed on Mortgage Sale.)  Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") was the high bidder at the sale, bidding $70.809.97.  (*Id*.)  The Sheriff's Deed was recorded on August 24, 2010.  (*Id*.)  The redemption period expired on February 10, 2011. (*Id*.)

Subsequently, Freddie Mac initiated eviction proceedings in the 46th District Court in Southfield, Michigan and a hearing was held on April 11, 2011.  At the hearing, the state district court entered a Judgment of Possession in favor of Freddie Mac (and dismissed Folson El-Bay's counter-complaint).  (Defs. Mot. Dimiss, Ex. 3, April 11, 2011 Judgment.)  The Judgment further indicated that an order evicting Plaintiff would be issued on or after April 25, 2011.  (*Id*.)  Plaintiff claims that, during the hearing, her objections were ignored.  (Dkt. 1, Compl. at ECF 1.)

On April 21, 2011, Plaintiff filed a Claim of Appeal with the Oakland County Circuit Court. (Defs. Mot. Dismiss, Ex. 4, Oakland County Circuit Court Docket Sheet.)  It appears, however, that Plaintiff's appeal brief was not timely filed.  (Dkt. 1, Compl.; Dkt, 9, Defs. Mot. Dismiss, Ex. 5.)

2

Thus, on June 17, 2011, the circuit court dismissed the appeal.  (Defs. Mot. Dismiss, Ex, 4.)
Plaintiff alleges that she did not get to present evidence in the circuit court.  (Dkt. 1.)  On July 14,
2011, Plaintiff filed an objection to the order dismissing the appeal and asked the Oakland County
Circuit Court to reverse its previous decision.  (*Id*.)  While that was pending, on July 27, 2011, the
46th District Court held a hearing and entered an order of eviction.  (*Id.*)  Plaintiff filed an emergency
stay of eviction with the Oakland County Circuit Court which was denied on August 1, 2011.  (*Id.*)

Shortly thereafter, on August 12, 2011, Plaintiff filed a Complaint (Dkt. 1) and a "Dire
Circumstance Emergency Motion to Stay Eviction" (Dkt. 3) in this Court.  In support of Plaintiff's
Fourteenth Amendment claim, the Complaint alleges improprieties in the state court proceedings
and Defendants' failure to produce an original mortgage note – which Plaintiff claims is a
requirement for proper holder in due course status.  (Dkt. 1.)  The emergency motion was denied by
the District Judge on two grounds: (1) it failed to satisfy the requirements of Fed. R. Civ. P. 65 for
obtaining a temporary restraining order; and (2) it did not have a strong likelihood of success on the
merits "because the Court almost certainly lacks subject-matter jurisdiction."  (Dkt. 4.)

On November 7, 2011, the Oakland County Circuit Court issued an Opinion and Order
Regarding Defendant's Objection to Order Dismissing Appeal. (Defs. Mot. Dismiss, Ex. 5.)  The
Court denied Plaintiff's motion to reinstate her appeal, explaining that "[e]ven if the Court were to
excuse [Folson-El Bey's] failure to timely file her brief, the Court finds that reinstating [Folson-El
Bey's] appeal is not warranted because [Folson-El Bey] fails to establish any error in the District
Court's April 11, 2011 decision granting [Freddie Mac] a judgment of possession." (*Id*. at 3.)  The
court further found that Folson-El Bey failed "to present any argument, evidence, or authority

demonstrating that her mortgage or loan is invalid or that there was a defect in the foreclosure proceedings" and thus, "reaffirm[ed] its decision to dismiss [Folson-El Bey's] appeal because it was defective both [procedurally] and substantively." (*Id.* at 4.)

On December 2, 2011, Defendants filed the current Motion to Dismiss and/or for Summary Judgment asserting four grounds for dismissal: the Court lacks subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine; Plaintiff's claims are barred by *res judicata*; Plaintiff lacks standing to challenge the foreclosure and eviction because the redemption period expired before she filed her Complaint; and Plaintiff has failed to articulate any cognizable cause of action. (Defs. Mot. Dismiss at ECF 8.) Because the application of *Rooker-Feldman* strips federal courts of jurisdiction and the ability to address the merits, the Court will consider this issue first. *Davis v. U.S. Bank Nat. Ass'n.*, No. 10-13394, 2011 U.S. Dist. LEXIS 6790, *9-10 (E.D. Mich. Jan. 25, 2011).[1]

## II.    ANALYSIS

### A.  This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Complaint

Following foreclosure proceedings and a Sheriff's sale, Defendant Freddie Mac obtained a Judgment of Possession and order of eviction from the 46th District Court in Southfield, Michigan. Plaintiff's appeals to the Oakland County Circuit Court were unsuccessful. She then brought this action in federal court. Foremost among the remedies requested, Plaintiff asked that the Court issue a temporary restraining order enjoining Defendants from evicting her. (Dkts. 3, 4.).

Fed. R. Civ. P. 12(b)(1) authorizes this Court to dismiss a complaint for lack of subject

---

[1] The *Davis* court further explained that the doctrine gets its name from two Supreme Court cases decided sixty years apart: *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). *Id.* at n.2.

4

matter jurisdiction.  The *Rooker-Feldman* doctrine prohibits federal courts, other than the United States Supreme Court, from performing appellate review of state court rulings. *Lawrence v. Welch,* 531 F.3d 364, 368 (6th Cir. 2008); *see also Givens,* 278 F. App'x 607, 608-09 (6th Cir. 2008) ("Pursuant to [the *Rooker-Feldman*] doctrine, lower federal courts lack subject matter jurisdiction to review the decisions of state courts.").  The Supreme Court has narrowed the doctrine by explaining that it "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 84 (2005).  In the wake of *Exxon*, the Sixth Circuit has "distinguished between plaintiffs who bring an impermissible attack on a state court judgment – situations in which *Rooker-Feldman* applies -- and plaintiffs who assert independent claims before the district court – situations in which *Rooker-Feldman* does not apply." *Lawrence,* 531 F.3d at 368.  In *McCormick v. Braverman,* 451 F.3d 382 (6th Cir. 2006), the Appellate Court further explained that the pertinent inquiry after *Exxon*  is whether the "source of the injury" upon which plaintiff bases her federal claim is the state court judgment:

> The inquiry then is the source of the injury the plaintiff alleges in the federal complaint.  If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction.  If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.

*Id*. at 394.

Here, the District Judge relied on the likely application of the *Rooker-Feldman* doctrine to deny Plaintiff's motion for a TRO.  (Dkt. 4 at 2) (Explaining that "[t]his Court, under well established rules regarding the jurisdiction of lower federal courts, is not allowed to stand in review

5

over the decisions of state trial courts."). The Court relied on the factually similar case of *Givens v. Homecomings Fin.*, 278 F. App'x 607 (6th Cir. 2008). In *Givens*, plaintiff executed a mortgage on his home. After he defaulted on the loan, the mortgagee, JP Morgan Chase bank, foreclosed. After a sheriffs sale was held, JP Morgan Chase brought an eviction action in Michigan's 36th District Court. That court issued an order granting possession to JP Morgan Chase and requiring Givens to vacate the premises. Givens appealed that judgment to the Wayne County Circuit Court, but the appeal was dismissed due to his failure to file a transcript of the lower court proceedings. Givens then brought suit in federal district court and sought a preliminary injunction seeking to bar the mortgagee from entering the home. *Id*. Givens asserted that the injunction was warranted because the defendants had not provided him with sufficient verification of the debt and that they had conspired against him to deprive him of the property. *Id*. After defendants moved for summary judgment, the district court dismissed Givens's complaint. The district court concluded that, under the *Rooker-Feldman* doctrine, it lacked subject matter jurisdiction over the suit because Givens was asking it to reverse the state court judgment. *Id*. The Court of Appeals affirmed the district court's decision, finding that "[b]ecause Givens is effectively attempting to appeal from the state order grating possession to [the mortgagee], his suit was properly dismissed under *Rooker-Feldman*." *Id*.

Such is the case here. Plaintiff's Complaint and Motion for an immediate stay of eviction, filed on the same day, reveal that the source of Folson-El Bey's injuries is the state possession order. She disagrees with the manner in which the state courts handled the possession proceedings and ultimately alleges:

> Federal circuits have ruled that the <u>only</u> way to prove perfection of ANY security is by ACTUAL POSSESSION of the SECURITY.

6

> Since noone was able, or REQUIRED, to produce the ORIGINAL
> "INSTRUMENT" THERE IS NO COMPETENT EVIDENCE
> BEFORE THE COURT that ANY party is the holder of the alleged
> note or the true "holder in due course." I believe the note has been
> sold, Wells Fargo can't product it and the [state] courts haven't
> demanded it (though I have). FRAUD HAS BEEN COMMITTED
> and I'm being deprived of my property UNLAWFULLY.

(Dkt. 1, Compl. at ECF 4) (emphasis in original).[2]

As in *Givens*, Plaintiff's arguments all come down to one premise: that Freddie Mac was not entitled to possession of the property in question. This Court finds, therefore, that Plaintiff is effectively seeking to appeal, in federal district court, the judgment of the state court. *Id.* Like many other similar cases in this District, dismissal on the grounds of *Rooker-Feldman* is appropriate. *See Davis v. U.S. Bank Nat. Ass'n.*, No. 10-13394, 2011 U.S. Dist. LEXIS 6790 (E.D. Mich. Jan. 25, 2011) ("Simply stated, Plaintiff invites this Court to relieve him from both the state district court judgment of possession and to find that the Wayne County Circuit Court erred in determining the validity of the sheriff's deed. This, however, is exactly the type of appellate review that a federal district court may not conduct under *Rooker-Feldman*."); *Battah v. ResMAE Mortg. Corp.,* 746 F. Supp. 2d 869 (E.D. Mich. Oct. 28, 2010) ("Plaintiff lost a state court foreclosure and possession action, and the state court entered an order of eviction against him. Any of Plaintiff's current claims which seek to disturb the state court judgments of foreclosure, possession, or eviction, are subject to the *Rooker-Feldman* doctrine."); *Luckett v. U.S. Bank Nat. Ass'n,* No. 08-14285, 2009 U.S. Dist.

---

[2] While far from clear, Plaintiff's Response also appears to challenge the validity of the mortgage – as she did in state court. (Resp. at Pg ID 185.) Indeed, Plaintiff asks this Court to dismiss the case for lack of subject-matter jurisdiction (because the mortgage document is void) and to award her fees for having to defend this action. Plaintiff is obviously referring to – and seeking to challenge – the state court action where she is the *defendant* – as opposed to this case, where she is the plaintiff.

LEXIS 157 (E.D. Mich. Jan 5, 2009) (denying TRO on the basis of no likelihood of success and explaining that "to sustain the Plaintiff's complaint in this case would require the Court to in effect act as an appellate tribunal and conclude that the Michigan court simply made the wrong decision in the foreclosure and possession action. Under the *Rooker-Feldman* doctrine, as refined in *Exxon Mobil*, the complaint is clearly subject to dismissal under Rule 12(b)(1)."); *Burrows v. McEvoy,* No. 08-11697, 2008 U.S. Dist. LEXIS 94499, * 13-14 (E.D. Mich. Nov. 12, 2008) (Finding plaintiff's claims barred by the *Rooker-Feldman* doctrine where plaintiff was seeking an injunction to prevent a state court ordered eviction and where she was claiming she had been deprived of property without due process of law by being deprived of discovery, not properly notified of her appeal rights, evidence fraudulently submitted in furtherance of the state court judgment and the underlying debt not being properly validated).

## B.      Plaintiff's Complaint Fails to State a Claim

Even assuming that Plaintiff's claim for deprivation of property without due process could be construed as an independent claim for relief, it fails to satisfy Federal Rule of Civil Procedure 12(b)(6).

Under Rule 12(b)(6), a case warrants dismissal if it fails "to state a claim upon which relief can be granted." When deciding a motion under Rule12(b)(6), "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true," and determine whether the plaintiff has alleged "enough factual matter" to "state a claim to relief that is plausible on its face." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged."   *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).   The plausibility standard does not require a plaintiff to plead facts showing that liability is probable, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).   Where a complaint pleads facts that are "merely consistent with" a defendant's liability, a plaintiff has failed to "nudge[]" his claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 557.

The Due Process Clause of the Fourteenth Amendment provides, "No State shall deprive . . . any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV.   To state a due process claim, a plaintiff must allege some form of state action because the Due Process clause "protects individuals only from governmental and not from private action."   *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 930 (1982).   A person qualifies as a state actor only if his actions are fairly attributable to the state.   *Id.* at 937.   Plaintiff has not alleged, and cannot show, that the Defendants were state actors.   *See* M*abry v. Ameriquest Mortg. Co.,* No. 09-12154, 2011 U.S. Dist. LEXIS 100297 (E.D. Mich., Aug. 12, 2011) (Plaintiff's due process claim dismissed as a matter of law because mortgagee defendant involved in foreclosure proceedings against plaintiff was not a state actor), adopted by 2011 U.S. Dist. LEXIS 100295 (E.D. Mich., Sept. 7, 2011); *see also Yohaaness Vuaai El v. Mortgage Elec. Registry Sys.,* No. 08-14190, 2009 U.S. Dist. LEXIS 75582 ( E.D. Mich., July 20, 2009) ("Regarding the summary [eviction] proceedings filed by defendant in state court, defendant is not alleged to be, nor does it appear to be, a party that acted under color of state law.   Rather, defendant chose to pursue a private cause of action in the form of summary proceedings, from which plaintiff now claims redress.   Filing a summary proceeding action is not, in and of itself, a state action.") (citing *Fallis v. Dunbar,* 532 F.2d 1061 (6th Cir. 1976)), *accepted*

*by* 2009 U.S. Dist. LEXIS 75094 (E.D. Mich., Aug. 24, 2009); *Romberger v. Wells Fargo Bank, N.A.*, No. 07-13210, 2008 U.S. Dist. LEXIS 62328 (E.D. Mich. Aug. 14, 2008) (Finding that "[a]lthough Romberger has alleged that he was denied a hearing and an opportunity to cross-examine witnesses, there is no indication in the complaint or in his response to the Defendants' motion for summary judgment that this case involved a state action.").[3]

Because Plaintiff's claims against Defendants are barred by at least the foregoing two rationales, the Court will not examine the Defendants' arguments regarding *res judicata* and lack of standing.

### III.   RECOMMENDATION AND CONCLUSION

As District Judge Murphy ruled in another similar case, "It would be impossible for this Court to resolve this claim in the plaintiff's favor without determining that the state court judgment was either erroneously entered or void. *See Bisbee v. McCarty,* 3 Fed. Appx. 819, 823 (10th Cir. 2001). As a result, this Court is barred from considering this matter under the *Rooker-Feldman* doctrine." *Burrows*, 2008 U.S. Dist. LEXIS 94499 at *15.

Accordingly, this Court RECOMMENDS that Defendants' Motion to Dismiss and/or for Summary Judgment (Dkt. 9) be GRANTED and that Plaintiff's Complaint be DISMISSED.

---

[3] The Court also recognizes that a "federal court may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident, or mistake. . . ." *In re Sun Valley Foods Co.,* 801 F.2d 186, 189 (6th Cir. 1986) (quotations omitted)). However, "the plaintiff's mere conclusory allegations of fraud in this regard . . . are insufficient to withstand a motion to dismiss." *Burrows v. McEvoy,* No. 08-11697, 2008 U.S. Dist. LEXIS 94499, * 17 (E.D. Mich. Nov. 12, 2008).

## IV.    FILING OBJECTIONS TO THIS REPORT

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES MAGISTRATE JUDGE

Dated:  March 13, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 13, 2012.

s/Jane Johnson
Deputy Clerk

11