UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLA RENE FOLSON-EL BEY,

    Plaintiff,

v.

WELLS FARGO HOME MORTGAGE and
FEDERAL HOME LOAN MORTGAGE,

    Defendants.
                                  /

Case No. 11-cv-13534

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING MOTION TO EXTEND TIME FOR FILING OBJECTIONS**
(docket no. 21), **ADOPTING REPORT AND RECOMMENDATION** (docket
no. 20), **AND GRANTING MOTION TO DISMISS** (docket no. 9)

Carla Rene Folson El-Bey ("Folson") brought this action against Wells Fargo Home Mortgage and Federal Home Loan Mortgage on August 12, 2011. After the Court denied a motion for a temporary restraining order filed by Folson in conjunction with her complaint, it referred this matter to a magistrate judge for all pretrial proceedings. Defendants promptly moved to dismiss the case on jurisdictional grounds. The magistrate judge agreed, and she issued a Report and Recommendation ("Report") on March 13, 2012, advocating that result. Folson did not file timely objections, but instead moved for an extension of time to respond to the Report. For the following reasons, the Court will deny Folson's motion, adopt the Report, and grant Defendants' motion to dismiss.

I.     Standard of Review

Recommendations on dispositive motions by a magistrate judge are reviewed pursuant to Civil Rule 72(b). The district judge who referred the motions is only required to perform a de novo review of the magistrate judge's findings if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P.

72(b)(2). Nevertheless, because a district judge always retains jurisdiction over a motion after referring it to a magistrate judge, he is entitled to review the magistrate judge's findings of fact and conclusions of law on his own initiative *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (clarifying that while a district court judge need not review a report and recommendation "de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").

II. Discussion

Folson filed a motion to extend the time to respond to the complaint that the clerk placed on the docket on April 4, 2012. Under the Civil Rules, she had fourteen days from the filing of the Report, plus three additional days, to lodge objections. *See* Fed. R. Civ. P. 6(d) (permitting an additional three days to comply when a document is served by "mailing it to the person's last known address"). This made the objections due on March 30, 2012. The Court may therefore only grant the motion if Folson can show both "good cause" for extending the time to respond and "excusable neglect" for not making this motion in a timely fashion. Fed. R. Civ. P. 6(b)(1)(B).

While the motion to dismiss was in front of the magistrate judge, Folson moved on three separate occasions for additional time to respond to it, just as she has done here. *See* Mot. for Extension of Time, Jan. 9, 2012, ECF No. 12; Mot. for Extension of Time, Jan. 25, 2012, ECF No. 14; Mot. for Extension of Time, Feb. 21, 2012, ECF No. 17. The magistrate judge granted all three requests. The fifty-page "response brief" Folson eventually filed was completely unresponsive to the motion to dismiss. The nature of Folson's eventual submission makes the Court loathe to extend her another opportunity to file papers with the Court.

2

Folson's filings mark her as an adherent of the so-called "free sovereign," or "sovereign citizen," movement. Sadly, she is not unique. The Court has recently seen a sizable influx of such filings from pro se litigants, in both civil and criminal affairs, reflecting a national trend. *See* Kevin Johnson, *Anti-Government 'Sovereign Movement' on the Rise in U.S.*, U.S.A. Today, Mar. 30, 2012, *available at* http://www.usatoday.com/news/nation/story/2012-03-30/anti-government-militia-groups-freeman/53873496/1 (noting the surge in popularity of such groups since 2008). Generally speaking, "free sovereigns" believe that shadowy forces have replaced the "real" legal system of the United States — which "free sovereigns" refer to as the "common law" — with a new system of government based on "admiralty law."[1] *See* Southern Poverty Law Center, *Intelligence Files: Sovereign Citizens Movement*, http://www.splcenter.org/get-informed/intelligence-files/ideology/sovereign-citizens-movement [hereinafter "SPLC Report"] (accessed April 9, 2012). This "new" government allegedly "pledged its citizenry as collateral, by selling their future earning capabilities to foreign investors, effectively enslaving all Americans." *Id.* The transaction is effected at birth, when parents apply for a Social Security number for their child. *Id.* As a way of breaking free from this "slavery," "free sovereigns" claim that the government only has rights over their "corporate shell" — their name in all capital letters, as it appears on birth certificates and in most government and court documents — but not their "real," "flesh and blood" existence. *Id.* "Free sovereigns" who have made this realization believe they have been "redeemed" from the "slavery" imposed by "admiralty law," and consider

---

[1] This argument has origins, for some "free sovereigns," in the Fourteenth Amendment, which they believe "made black Americans permanently subject to federal and state governments, unlike themselves." *See* SPLC Report. A sad irony of the modern "free sovereign" movement is that despite its "root[s] in racism and anti-Semitism," many of those who advocate "free sovereign" arguments in this Court are African-Americans. *Id.*

themselves free from its obligations, including federal income tax, state registration requirements, and private contracts. *Id.*

Folson's filings bear all the marks of typical "free sovereign" filings. Her response to the motion notes that "Carla Rene Folson-El Bey is representing CARLA RENE FOLSON-EL BEY," reflecting the distinction "free sovereigns" draw between the "real" person and their government-imposed "corporate" existence. Resp. to Mot. to Dismiss 1, ECF No. 19. What follows is a series of nonsensical documents, including an "affidavit of copyright" in which Folson licenses to herself the copyright over "CARLA RENE FOLSON," and an "affidavit of sovereignty" which sets out many of the conspiracy theories regarding the "true" citizenship of the "redeemed." These poorly written, clumsily formatted, pseudo-legal documents are opaque to anyone other than a fellow "free sovereign" or one who has made a serious study of their ideology.

Permitting Folson to continue her pattern of filing multiple motions for extension of time, followed by the submission of documents dealing solely in conspiracy theories, serves no purpose. Therefore, the Court finds that "good cause" for permitting Folson to object to the Report past the fourteen-day deadline is lacking in this case. It finds, in the alternative, that Folson has not shown "excusable neglect" for failing to file her response on time, given her pattern of delinquent, meritless filings. It will deny her motion to extend the time to respond, and rule on the Report as unopposed.[2] The Court agrees in full with the

---

[2] The Court need not decide whether "free sovereign" filings are "frivolous or malicious" when made by a party proceeding in forma pauperis. 28 U.S.C. § 1915(e)(2)(B)(i). In the future, it will carefully consider dismissing cases prior to service of the defendants on this basis. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (deeming complaints "frivolous" under § 1915 if they lack[ ] an arguable basis either in law or in fact," which permits courts to screen in forma pauperis applications for "not only the inarguable legal conclusion, but also the fanciful factual allegation"); *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (dismissing "free sovereign"-like arguments in a federal tax case as "completely without merit" and "patently frivolous"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th

magistrate judge's recommendation that this case is subject to dismissal on *Rooker-Feldman* grounds. *See Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008) (holding that appellate review of state-court judgments by federal district courts is prohibited under the *Rooker-Feldman* doctrine). Accordingly, it will adopt the Report and grant Defendants motion to dismiss.

**WHEREFORE**, it is hereby **ORDERED** that the motion for extension of time to file a response (docket no. 21) is **DENIED**.

**IT IS FURTHER ORDERED** that the Report (docket no. 20) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (docket no. 9) is **GRANTED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 26, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 26, 2012, by electronic and/or ordinary mail.

Carol Cohron
Case Manager

---

Cir. 1992) (same); *El-Bey v. N.C. Bd. of Nursing*, No. 09CV753, 2009 WL 5220166, at *3 (recommending dismissal of case pursuant to § 1915 where complaint consisted primarily of "free sovereign" materials).

5